

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-23-2004

# USA v. Batista

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1023

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Batista" (2004). *2004 Decisions.* Paper 123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1023

———

UNITED STATES OF AMERICA

v.

JUAN BATISTA,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Dist. Ct. No. 3:CR-02-314)
District Judge: Honorable James M. Munley

———

Submitted November 12, 2004

Before: McKEE and CHERTOFF, *Circuit Judges*, and BUCKWALTER,[*] *District Judge*.

(Filed:  November 23, 2004)

JAMES V. WADE, ESQ.
Federal Public Defender
100 Chestnut Street
Suite 306

_____

[*] The Honorable Ronald L. Buckwalter, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Harrisburg, Pennsylvania 17101
By: Gino A. Bartolai, Jr., Esq.
Assistant Federal Public Defender

*Attorney for Appellant*

THOMAS A. MARINO, ESQ.
United States Attorney
309 Federal Building
Scranton, Pennsylvania 18501
By: Francis P. Sempa, Esq.
Assistant United States Attorney

*Attorney for Appellee*

———

OPINION OF THE COURT

———

CHERTOFF, *Circuit Judge*.

Appellant Juan Batista was sentenced to 151 months imprisonment in the court below, in part because the District Court classified him as a career offender. Batista challenges that classification. Furthermore, Batista's attorney moves for permission to withdraw as counsel, pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1867). We will affirm Batista's judgment of conviction and sentence, and grant his attorney's motion to withdraw.

I

Batista was arrested on December 23, 2002, based on a one-count indictment that was returned on December 17, 2002. The indictment charged Batista with conspiracy to

distribute and possess with intent to distribute in excess of 100 grams of heroin and in excess of fifty grams of cocaine base (i.e., crack) and cocaine, in violation of 21 U.S.C. § 846. Superseding indictments were filed on February 11 and March 25, 2003, but the core charge remained the same.

On May 9, 2003, Batista signed a plea agreement in which he agreed to plead guilty to count one of the second superseding indictment. Pursuant to that agreement, Batista and the government agreed to recommend to the court that Batista was involved in the distribution of more than 100 but less than 1000 grams of heroin. The government also agreed to recommend that Batista receive a three-level downward departure for acceptance of responsibility. Batista agreed to cooperate, in exchange for which the government agreed that, if Batista's assistance was substantial, it would provide a downward departure letter, pursuant to U.S.S.G. § 5K1.1.

On June 23, 2003, Batista appeared in court and pleaded guilty to count one of the second superseding indictment. The presentence report (PSR) classified Batista as a career offender pursuant to U.S.S.G. § 4B1.1. In support of this classification, the probation officer cited three prior felony drug convictions. As a result of this classification, Batista's offense level rose from twenty-nine to thirty-one and his criminal history category rose from V to VI. Batista was awarded three points for acceptance of responsibility, resulting in a range of 188 to 235 months. The PSR identified a substantial-assistance motion as the sole ground for a downward departure.

3

On September 8, 2003, Batista objected to the PSR, arguing that he was not a career offender because one of his previous drug convictions was too remote to be counted as a predicate offense, and because two of his previous drug convictions were combined for disposition and sentencing and as such were related for purposes of the Guidelines.

The government moved for a downward departure on December 15, 2003, acknowledging Batista's substantial assistance and recommending that the court subtract two offense levels and sentence Batista within the range of 151 to 188 months.

At sentencing on December 18, 2003, the court first heard argument on Batista's objections to the career offender classification. The court concluded that all three of Batista's previous drug convictions counted as predicate offenses. With respect to the first conviction, the court determined that it was not remote because it was imposed within fifteen years of Batista's commencement of the instant offense. As to the second and third convictions, the court concluded that the two were not related by virtue of an intervening arrest. The court then granted the government's § 5K1.1 motion and departed down the requested two levels. Batista asked the court to depart further based on the extraordinary nature of his assistance. While acknowledging its authority to depart further, the court declined to do so and sentenced Batista to 151 months in prison, followed by a four-year period of supervised release.

4

II

Our review of the District Court's application of the Guidelines is plenary. E.g., United States v. Murillo, 933 F.2d 195, 197 (3d Cir. 1991). Under the Guidelines, Batista qualifies as a career offender if (1) he was at least eighteen years old at the time he committed the instant offense, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) he has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

The first two requirements are clearly met, and Batista does not appear to argue otherwise. Batista was over forty years old when he committed the instant offense, which was a controlled substance offense, see id. § 4B1.2(b). Batista therefore focuses his argument on the third requirement, arguing that, for the purposes of § 4B1.1, he does not have two prior felony convictions. We disagree.

The Guidelines define the term "two prior felony convictions" as follows:

(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c).

Id. § 4B1.2(c). An application note to this provision defines a prior felony conviction to mean "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Id. cmt. n.1. Convictions for offenses committed at age eighteen or older are adult convictions. Id.

On July 16, 1986, Batista was arrested in the Bronx, New York, and charged with attempted criminal sale of a controlled substance in the third degree, in violation of New York law. Batista was convicted and, on March 7, 1988, sentenced to four to eight years in prison. On September 20, 1994, Batista was arrested in Allentown, Pennsylvania, and charged with possession of a controlled substance with intent to deliver, in violation of Pennsylvania law, based on conduct that occurred earlier that day. Batista was again arrested in Allentown, this time on October 25, 1994, and charged with three counts of delivery of a controlled substance, in violation of Pennsylvania law, based on conduct that occurred as late as October 5, 1994. Both cases were consolidated for plea and sentencing, and on January 30, 1995, he pleaded guilty to both offenses. Batista was sentenced on September 26, 1995 to an aggregate term of two to five years in prison.

Under New York law, attempted criminal sale of a controlled substance in the third degree is a class B felony punishable by up to twenty-five years in prison. See N.Y. Penal Law §§ 70.00(2)(b), 220.39. Under Pennsylvania law, both possession of a

6

controlled substance with intent to deliver and delivery of a controlled substance are violations of 35 Pa. Cons. Stat. § 780-113(a)(30). A violation of § 780-113(a)(30) involving heroin—as Batista's did—carries a maximum term of imprisonment of fifteen years. See 35 Pa. Cons. Stat. §§ 780-104(1)(ii)(10), 780-113(f)(1).

## A

We deal first with Batista's contention that his first conviction was too remote in time to act as a predicate for § 4B1.1. The Guidelines provide, in pertinent part, "Certain prior sentences are not counted or are counted only under certain conditions: A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period." U.S.S.G. § 4A1.1 cmt. n.1.

Batista was sentenced for the New York conviction on March 7, 1988. As he was arrested for the instant offense in December 2002, fewer than fifteen years have elapsed.[1] This conviction was therefore properly counted.

## B

Batista also argues that his two Pennsylvania convictions are related and therefore cannot be counted separately. Of course, even if we were to agree that these convictions are not properly counted separately, they would still count as one prior conviction and,

---

[1] Of course, for similar reasons, Batista's two Pennsylvania convictions are also not too remote in time to be counted.

7

along with the New York conviction, would trigger § 4B1.1. In any event, the two Pennsylvania convictions were properly counted separately.

Under U.S.S.G. § 4A1.2(a)(2), prior sentences imposed in related cases, as opposed to unrelated cases, are to be treated as one sentence. "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Id. § 4A1.2 cmt. n.3. As discussed above, Batista was first arrested on September 20, 1994 for an offense that occurred earlier that day. One of Batista's Pennsylvania convictions was based on this conduct. Batista committed other offenses, including one on October 5, 1994, for which he was arrested on October 25, 1994. This October 25 arrest matured into Batista's second conviction. Therefore, because of the intervening September 20 arrest, the District Court correctly counted the two convictions separately.

### III

In Anders, the Supreme Court held that where defense counsel, after a conscientious examination, finds his or her client's case to be wholly frivolous, he or she "should so advise the court and request permission to withdraw." 386 U.S. at 744. We then fully examine the proceedings to determine whether in fact the case is wholly frivolous. Id. If so, we may grant counsel's request and dismiss the appeal. Id.

After fully examining the proceedings, and for the reasons discussed above, we conclude that Batista's appeal is wholly frivolous.[2]  Counsel's motion to withdraw is therefore granted.

For the foregoing reasons, we will affirm the judgment of the District Court and grant Batista's attorney's motion to withdraw as counsel.

---

[2] Batista was offered an opportunity to file a pro se brief raising additional issues, but has not done so.